JOSEPH MCADAMS *vs.* MARY ANN MASSEY.

Where no plea is filed in an action of debt, it is error to submit the case to the jury, as upon issue joined.

IN error from the circuit court of Adams county.

The brief of Messrs. *Montgomery* and *Boyd* states the substance of the record.

*Montgomery* and *Boyd*, for plaintiff in error.

This was an action of debt on a bill single for $1200.

The declaration was in the common form. No plea was filed, but the case was submitted to a jury and a verdict found for the plaintiff below.

The error assigned is, that a jury was called to try the issue joined, and returned a verdict accordingly when there was no issue.

It was decided by this court in the case of *Nevit* v. *Welde*, that it was error to submit a cause to the jury when there was no issue joined. A verdict is more conclusive of a party's rights than a judgment by default. A verdict is not only conclusive between the parties as to the matter in controversy, but is an estoppel as to all the facts put in issue by the pleadings. 3 East. Rep. 346.

But from the ordinary practice of this court, it is manifestly erroneous to empannel a jury to try an issue where there is no issue joined.

This question is fully settled in Kentucky. See 4 Bibb. Rep. 341. 3 Marsh. Rep. 503. 2 Marsh. Rep. 69. 2 Pirtle's Digest, 225.

It is no answer to these objections to say the plaintiff had a right to a writ of inquiry, and that the verdict purporting to be on issue joined, does not operate more strongly against the de-

fendant than an assessment of damages. . .For suppose the bond sued on was conditioned to perform covenants, as in truth it was, the record in this suit would be no bar to a subsequent suit because it could not be identified by the record, to avoid which, the statute has provided that upon judgment by default, the plaintiff shall suggest breaches upon the record, and execute a writ of equity. How. & Hutch. 304.

Now if the plaintiff had taken judgment by default, and submitted the bond to the clerk to ascertain the sum due, and the clerk had noticed the condition, and if he had submitted a writ of inquiry to a jury without suggesting breaches, the court would have interposed and prevented it; and it would have been error. For at common law, a judgment on bond, or judgment, is final in the first instance, and no writ of inquiry is necessary.

The defendant who submits to a judgment by default is entitled to have the record in such condition as to protect him against future actions on the same legal liability. The verdict in this case is far greatly less than the amount of the bond, which is evidence that there was a condition, or there had been payments. If it was a bond with conditions, no judgment can be rendered without an assignment of breaches; if payments had been made, then the clerk was the proper person to calculate the amount due, and his errors would at all times be subject to correction by the court. How. & Hutch. 145.

The verdict of the jury is beyond the reach of the court after the term at which it is rendered, which is another important difference between a judgment by default and verdict, which, in this case, operates to the prejudice of the defendant.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of debt brought by the defendant in error, against the plaintiffs in error. No plea was filed in their behalf but instead of entering a judgment by default, a jury was empannelled to pass upon the issue, there being in fact no issue for their determination.

McAdams *v.* Massey.

This is assigned as error, and is the only point involved. The error by the former decisions of this court, appears to have been regarded as fatal, and not cured by any of the statutes of amendments.    1 How. 24.    6 How. 193.    The judgment will therefore be reversed and the cause remanded.